UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROXANN J. FRANKLIN-MASON,
    Plaintiff,

v.

GORDON R. ENGLAND,
Secretary of the Navy,

    Defendant.

Civil Action No. 96-2505 (JMF)

**ORDER**

This case was originally referred to me for a Report and Recommendation on November 4, 1997.  On April 9, 1998, the case was re-referred to me for settlement purposes.  After meeting with the parties on several occasions, a settlement agreement was reached and on April 1, 1999, a stipulation of settlement was approved by Judge Sullivan.

On December 10, 1999, following entry of the stipulation, plaintiff filed an emergency motion to enforce the terms of the settlement.  This court accepted her filing, and on May 12, 2000, Judge Sullivan denied her motion without prejudice and ordered the parties to meet in person to attempt to resolve any remaining problems regarding the implementation of the settlement agreement.  Plaintiff moved to enforce the settlement agreement twice more, and Judge Sullivan denied these motions.  On November 9, 2001, plaintiff moved, for a fourth time, to enforce the terms of the settlement agreement.  After Judge Sullivan recused himself, the case was reassigned to Judge Roberts, who referred plaintiff's fourth motion to me for a Report and Recommendation.

After reviewing plaintiff's motion and the terms of the settlement agreement, I concluded that there were genuine issues of material fact as to two of plaintiff's claims.  I therefore held a hearing on the matter and was awaiting the parties' stipulations as to proposed findings of fact and conclusions of law when it came to my attention that this court may lack jurisdiction over the matter.[1]

Specifically, I am referring to the fact that because the parties settled this case, the court never entered "final judgment."  However, pursuant to the terms of the Stipulation of Settlement approved by Judge Sullivan on April 1, 1999, execution of the stipulation constituted a dismissal, with prejudice, of the action.  Thus, the issue is whether the court lacks jurisdiction over the matter and should, therefore, retroactively close the case as of the date of Judge Sullivan's adoption of the stipulation of settlement and strike all subsequent pleadings or whether the court retains jurisdiction over the matter and should resolve plaintiff's motion on its merits.  It is, therefore, hereby,

---

[1] Courts "always have jurisdiction to determine their jurisdiction." Ilan-Gat Engineers, Ltd. v. Antigua Int'l Bank, 659 F.2d 234, 239 (D.C. Cir. 1981) (citations omitted).  In addition, courts have judicial power "to decide all questions, whether of law or fact, the decision of which is necessary to determine the question of jurisdiction." 21 C.J.S. Courts § 88 (2005) (citing Stoll v. Gottlieb, 305 U.S. 165, 171-77 (1938)).  Therefore, at the very least, this court has the authority to determine whether it retains jurisdiction over this case.  In addition, pursuant to Federal Rule of Civil Procedure 60(a), courts may correct "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission . . . at any time of [the court's] own initiative." Fed. R. Civ. P. 60(a).  Indeed, the D.C. Circuit has suggested that courts have not only "the power" but also "the duty to correct judgments which contain clerical errors or judgments which have issued due to inadvertence or mistake." Howard Sober, Inc. v. I.C.C., 628 F.2d 36, 41 (D.C. Cir. 1980) (quoting American Trucking Associations v. Frisco Transportation Co., 358 U.S. 133, 145 (1958), in turn citing Gagnon v. United States, 193 U.S. 451 (1904)).

**ORDERED** that the parties brief the jurisdictional question within ten days of the date of this Order. The parties are to specifically consider the following issues:

1. The jurisdiction of the District Court versus the jurisdiction of the Court of Federal Claims over the breach of settlement agreements between private parties and the United States and the types of relief available in each court.

2. Whether the District Court retained jurisdiction under <u>Kokkonen v. Guardian Life Insurance Co. of America</u>, 511 U.S. 375 (1994). <u>See</u>, <u>generally</u>, Morton Denlow, <u>Federal Jurisdiction in the Enforcement of Settlement Agreements: Kokkonen Revisited</u>, 2003 Fed. Cts. L. Rev. 2 (2003).

3. Whether the District should exercise ancillary jurisdiction in this case.

4. Whether plaintiff's filing of a second lawsuit (<u>Franklin-Mason v. Johnson</u>, No. 03-0945) has any effect on the jurisdictional question.

**SO ORDERED.**

Dated:                                      
                                                      JOHN M. FACCIOLA  
                                                      UNITED STATES MAGISTRATE JUDGE