UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                )
ROXANN J. FRANKLIN-MASON,        )
                                )
          Plaintiff,             )
                                )
          v.                     )  Civil Action No. 96-2505 (RWR)(JMF)
                                )
B.J. PENN,                       )
Secretary of the Navy,           )
                                )
          Defendant.             )
_____ )
```

<u>MEMORANDUM OPINION</u>

Plaintiff Roxann J. Franklin-Mason filed a motion to enforce a settlement agreement reached in her 1996 Title VII discrimination suit against the Secretary of the Navy,[1] her former employer, seeking damages for the Secretary's breach of the agreement.  A magistrate judge issued a report and recommendation finding that subject matter jurisdiction existed, that the defendant was liable for only nominal damages for failing to place Franklin-Mason in the specific job position called for in the settlement agreement, and that the defendant did not otherwise violate the settlement agreement.  Franklin-Mason filed objections to findings made on the merits.[2]  Because

---

[1] B.J. Penn is substituted as the defendant under Fed. R. Civ. P. 25(d).

[2] She did not object to a finding against her claim that the defendant inadequately funded a restored Thrift Savings Account that the settlement agreement called for.

-2-

this court lacks jurisdiction over Franklin-Mason's claim for damages exceeding $10,000, the case will be transferred to the United States Court of Federal Claims.

BACKGROUND

The history and background of this case and the underlying motions at issue are discussed in Franklin-Mason v. Johnson, Civil Action No. 96-2505 (RWR)(JMF), 2006 WL 825416 (D.D.C. Mar. 21, 2006). Briefly, Franklin-Mason, an African American woman, brought the original Title VII action against her then former employer, the United States Navy, alleging that the defendant had discriminated against her on the basis of race and gender by failing to promote her to a position that she had applied for. The parties ultimately filed a settlement agreement and stipulation of dismissal which required the Navy to appoint Franklin-Mason as a Senior Financial Analyst/Advisor, and not assign her to be supervised or evaluated by certain named individuals and others in the Comptroller's Office. The agreement also stated that a party could seek from the court enforcement of the agreement and monetary damages should a breach of the agreement occur.

Franklin-Mason was re-employed but resigned from her GS-13 position in June 2004 because, she says, the defendant was not abiding by the settlement agreement. Franklin-Mason, 2006 WL 825418 at *7. (See Pl.'s Proposed Findings of Fact and

-3-

Conclusions of Law, at 58-59.)  In her motion to enforce the settlement agreement, Franklin-Mason argues that the defendant violated the agreement by 1) failing to appoint her to the promised Senior Financial Analyst/Advisor position; 2) failing to assign her duties and responsibilities commensurate with that position; and 3) failing to ensure that she would not be required to work directly for or be supervised by allegedly discriminatory officials, or that she would not be involved in any way with people employed by the Office of the Comptroller.  (See Pl.'s Objections to Report and Recommendation ("Pl.'s Objections") at 1-2.)  Franklin-Mason does not seek specific performance of the settlement agreement; instead, she seeks over $900,000 in damages and attorney's fees.  (See Feb. 3, 2005 Hr'g Tr. 86:8-89:6, 91:5-91:18, 101:9-101:16; Pl.'s Proposed Findings of Fact and Conclusions of Law, at 48, 57, 58 n.1, 59-61.)  See also Franklin-Mason, 2006 WL 825418 at *14.

A magistrate judge issued a report recommending awarding Franklin-Mason at best nominal damages for the Navy's failure to appoint her to the promised position, in breach of the settlement agreement.[3]  As an initial matter, the report concluded the

_____

[3] Regarding Franklin-Mason's first two bases for claiming a breach of the settlement agreement, the report determined that the defendant violated the settlement agreement by not giving Franklin-Mason the position described in the settlement agreement, and that her assignments were not "perfectly consistent" with the position that was described in the agreement.  Franklin-Mason, 2006 WL 825418 at *13-14.  However,

-4-

parties intended and did expressly stipulate that this court
would retain jurisdiction to hear any motion to enforce the
settlement agreement and award damages for a breach of it.  It
reasoned that

> [a] claim for breach of a Title VII settlement
> agreement is a contract claim within the Tucker Act and
> belongs in the Court of Federal Claims unless this
> court, pursuant to the parties' agreement, retains
> jurisdiction to enforce the settlement agreement that
> resolved the Title VII action.  Kokkonen v. Guardian
> Life Ins. Co., 511 U.S. 375, 381-82 (1994); Rochon v.
> Gonzales, 438 F.3d 1211, 1214 (D.C. Cir. 2006) (citing
> Hansson v. Norton, 411 F.3d 231, 232 (D.C. Cir. 2005)
> and Brown v. United States, 389 F.3d 1296, 1297 (D.C.
> Cir. 2004)).

Franklin-Mason, 2006 WL 825418 at *1-2.

Franklin-Mason objects to the report's failure to find a
material breach of the settlement agreement and to recommend the
damages she sought and attorney fees.  (Pl.'s Objections at 3,
12.)

## DISCUSSION

The magistrate judge's report and recommendation is reviewed
de novo.  LCvR 72.3(c); see also Fed. R. Civ. P. 72; Ames v.
Yellow Cab of D.C., Inc., Civil Action No. 00-3116 (RWR), 2006 WL
2711546, at *4 (D.D.C. September 21, 2006).

---

the report and recommendation concluded that Franklin-Mason was
entitled "at best, to nominal damages."  Id. at *15.  Regarding
Franklin-Mason's third basis, the report found no breach,
explaining that the plain language of the settlement agreement
did not require a "complete separation between the staff of
[Franklin-Mason's] office and the staff of the Office of the
Comptroller."  Id. at *11-12.

-5-

Jurisdiction is an independent, preliminary issue that is resolved before analyzing the merits of the plaintiff's claims. Greenhill v. Spellings, 482 F.3d 569, 573 (D.C. Cir. 2007) (citing Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94-95 (1998), and Kidwell v. Department of the Army, Board for Correction of Military Records, 56 F.3d 279, 284 (D.C. Cir. 1995)).  The Tucker Act states that "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract[4] with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1); see also Greenhill, 482 F.3d at 572.  The Court of Federal Claims' jurisdiction is exclusive when such a claim "explicitly or in essence seeks money damages in excess of $10,000[.]"  Greenhill, 482 F.3d at 572 (citing 28 U.S.C. § 1346(a); Sharp v. Weinberger, 798 F.2d 1521, 1523 (D.C. Cir. 1986)) (determining that because plaintiff sought $210,000 in damages from the federal government in her attempt to enforce an agreement that settled complaints of age and race discrimination, the Court of Federal Claims had exclusive jurisdiction); see also Brown, 389 F.3d at 1297 (remanding matter

---

[4] "Settlement agreements are in the nature of contracts[,]" and "[t]he District of Columbia Court of Appeals treats settlement agreements as contracts."  Makins v. Dist. of Columbia, 277 F.3d 544, 546, 548 (D.C. Cir. 2002).

-6-

to the district court to dismiss without prejudice action against
United States to enforce a Title VII settlement agreement because
claim for damages exceeding $10,000 for breach of agreement fell
within the exclusive jurisdiction of the Court of Federal
Claims); Murthy v. Schafer, 579 F. Supp. 2d 110, 113-114 (D.D.C.
2008) (dismissing plaintiff's claims seeking over $10,000 against
the USDA for breach of a Title VII settlement agreement as
belonging in the Court of Federal Claims); Baccus v. U.S. Dept.
of Agriculture, Civil Action No. 08-0012 (ESH), 2007 WL 4616291
at *1 (D.D.C. November 27, 2007) (dismissing plaintiff's
complaint against the USDA without prejudice where exclusive
subject matter jurisdiction rested with the Court of Federal
Claims because the plaintiff sought enforcement of a settlement
agreement and an award upwards of $50,000); Holmes v. Dep't of
Navy, 583 F. Supp. 2d 431, 433-434 (W.D.N.Y. 2008) (dismissing
for lack of subject matter jurisdiction the plaintiff's claim
against the Navy for $70 million in damages caused by a purported
breach of a settlement agreement since any such claim would lie
with the Court of Federal Claims).

    The report and recommendation based its conclusion that this
court has jurisdiction to hear this claim on the opinions in
Kokkonen and Rochon.  In Kokkonen, none of the parties was the
United States or a federal government entity.  They agreed on a
settlement and filed a joint motion to dismiss the complaint.

-7-

When the petitioner supposedly breached the agreement, the
respondent life insurance company sought enforcement of the
agreement in district court.  Kokkonen, 511 U.S. at 376-77.  The
Supreme Court held that the district court lacked authority to
enforce the agreement because, in part, the dismissal order did
not include any provision retaining jurisdiction over the
agreement.  Id. at 381.  Unlike in Kokkonen, the Court of Federal
Claims is granted exclusive jurisdiction over Franklin-Mason's
attempt to enforce the settlement agreement against the
government, and nothing in the language of Kokkonen indicates
that parties can create jurisdiction over a claim for which
jurisdiction is expressly reserved for a different body.  Parties
cannot by settlement agreement confer jurisdiction on a court
over a claim that is exclusively the province of another court.
See Akinseye v. Dist. of Columbia, 339 F.3d 970, 971 (D.C. Cir.
2003) (stating that "no action of the parties can confer subject-
matter jurisdiction upon a federal court").

     Nor did Rochon hold otherwise.  In Rochon, the district
court had dismissed the plaintiff's claims of retaliation and
discrimination brought as violations of both Title VII and a
1990 settlement agreement.  Rochon, 438 F.3d at 1213.  The court
of appeals reversed and reinstated the Title VII claim because
the district court applied an improperly stringent pleading
standard in dismissing that claim.  The court of appeals also

directed the district court to determine whether the primary thrust of Rochon's claim of breach was a contract or tort claim for Tucker Act purposes, and whether the court had ancillary jurisdiction over that claim if it did lie in contract.  Id. at 1215.

Franklin-Mason argues that this court should exercise ancillary jurisdiction over her claim to enforce the settlement agreement.  Rochon, though, did not purport to recognize district court jurisdiction over free-standing breach claims that otherwise fall within the Court of Federal Claims' exclusive jurisdiction.  Ancillary jurisdiction should be exercised only "to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent," or "to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees."  Dailey v. Park, 468 F. Supp. 2d 209, 212 (D.D.C. 2007) (quoting Kokkonen, 511 U.S. at 379-380; and Foretich v. Am. Broad. Co., Inc., 198 F.3d 270 (D.C. Cir. 1999)).  Here, Franklin-Mason has filed a complaint in a separate action alleging discrimination and retaliation in violation of Title VII based on her attempt to enforce the settlement agreement, Franklin-Mason v. Johnson, Civil Action No. 03-945 (RWR), which encompasses actions that occurred after she attempted to enforce the settlement agreement in this case.  This court has no need to

-9-

exercise ancillary jurisdiction over her breach claim to

vindicate its authority or effectuate its decrees.

CONCLUSION

Because this court lacks jurisdiction over Franklin-Mason's

claim to enforce the settlement agreement, her motion to enforce

the settlement agreement will be transferred to the United States

Court of Federal Claims.  An appropriate order accompanies this

Memorandum Opinion.

SIGNED this 22nd day of May, 2009.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge